IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JOHN WELLS, <br> **Plaintiff** <br><br> vs. <br><br> AMERI-CO CARRIERS, INC. and <br> HARRY JOHN BACCAIRE <br> **Defendants.** | § § § § § § § § § § § CIVIL ACTION NO. 2:18-CV-00139 <br> JURY |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES, JOHN WELLS, Plaintiff, and files this his Original Complaint against AMERI-CO CARRIERS, INC. and HARRY JOHN BACCAIRE, Defendants, and for just cause would respectfully show the Court the following:

### NATURE OF THE CASE

1. This action arises as a result of an automobile accident which injured JOHN WELLS on or about April 11, 2016.

### PARTIES

2. JOHN WELLS is an individual who resides in the State of Texas.

3. AMERI-CO CARRIERS, INC. is a corporation organized in the State of Nebraska and may be served by sending a copy of the summons and complaint by certified mail, return receipt requested to its registered agent, CT Corporation System, 5601 South 59th Street, Lincoln, Nebraska 68516.

4. HARRY JOHN BACCAIRE is an individual who resides at 653 Petal Mist Lane, Brooksville, Florida 34604 and may be served with the summons and complaint at this address.

## JURISDICTION AND VENUE

5. Jurisdiction in this case is proper in this Court pursuant to 28 U.S.C. § 1332(a) as this case is between citizens of different states and the amount in controversy exceeds $75,000.00.

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(a), because the wrongful act or omission of the Defendants occurred within this Judicial District.

## FACTUAL BACKGROUND

7. On or about April 11, 2016, JOHN WELLS was operating a 2001 Nissan Frontier pickup in a careful and prudent manner, traveling northbound on U.S. Highway 271 in Titus County, Texas attempting to make a left turn. Defendant HARRY JOHN BACCAIRE was driving a 2015 Freightliner truck and towing a trailer owned by Ameri-co Carriers, Inc. in the course and scope of his employment with Defendant Ameri-co Carriers, Inc. Defendant HARRY JOHN BACCAIRE was traveling northbound on U.S. Highway 271, and following behind Plaintiff. Suddenly and without warning, Defendant HARRY JOHN BACCAIRE attempted to pass Plaintiff on the left, failed to pass safely, failed to control the speed of the 2015 Freightliner tractor and trailer and struck Plaintiff's vehicle, subjecting the Plaintiff to tremendous force.

8. At the time of the occurrence, Defendant HARRY JOHN BACCAIRE was in the course and scope of his employment with Defendant AMERI-CO CARRIERS, INC.

## NEGLIGENCE AND NEGLIGENCE PER SE

9. Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates the same where relevant.

10. Defendant HARRY JOHN BACCAIRE was negligent in various acts and omissions,

which negligence was the proximate cause of the accident described herein which includes, but is not limited to, the following:

A. Defendant was negligent in violating Section 545.053 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads in pertinent part:

> (i) An operator passing another vehicle:
>
> (1) shall pass to the left of the other vehicle at a safe distance; and
> (2) may not move back to the right side of the roadway until safely clear of the passed vehicle.

B. Defendant was negligent in violating Section 545.054 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads in pertinent part:

> (i) An operator may not drive on the left side of the center of the roadway in passing another vehicle unless:
>
> (1) driving on the left side of the center of the roadway is authorized by this subtitle; and
> (2) the left side is clearly visible and free of approaching traffic for a distance sufficient to permit passing without interfering with the operation of the passed vehicle or a vehicle approaching from the opposite direction.

C. Defendant was negligent in failing to keep a proper lookout;
D. Defendant was negligent in failing to timely apply his brakes;
E. Defendant was negligent in failing to control the vehicle;
F. Defendant was negligent in failing to act and/or respond in a reasonable manner; and
G. Defendant was negligent in failing to control the speed of the vehicle.

11. The foregoing acts of negligence and negligence per se by HARRY JOHN BACCAIRE, acting singularly or in combination, were a proximate cause of the incident and the resulting damages to the Plaintiff.

12. At the time and on the occasion in question, and immediately prior thereto, Defendant AMERI-CO CARRIERS, INC. committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of

the injuries to and the damages of Plaintiff.

13. The independent acts of negligence of Defendant AMERI-CO CARRIERS, INC., include but are not limited to, the following:

   A. Entrusting the subject truck to an unlicensed, incompetent and/or reckless driver when it knew and/or should have known the driver of the subject truck was unlicensed, incompetent, and/or reckless;

   B. Hiring and retaining an unlicensed, incompetent and/or reckless driver when it knew and/or should have known that the subject driver was unlicensed, incompetent and/or reckless; and

   C. Failing to properly train its driver.

14. Each of the foregoing acts of negligence was a proximate cause of the collision in question and the injuries and damages of Plaintiff.

### RESPONDEAT SUPERIOR

15. Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates the same where relevant.

16. Defendant AMERI-CO CARRIERS, INC. is liable for the damages proximately caused to Plaintiff by the conduct of Defendant HARRY JOHN BACCAIRE in that Defendant AMERI-CO CARRIERS, INC. was the employer of Defendant HARRY JOHN BACCAIRE on the date that Defendant HARRY JOHN BACCAIRE negligently injured Plaintiff, as alleged above, and Defendant HARRY JOHN BACCAIRE was acting within the course and scope of that employment when that injury occurred or Defendant AMERI-CO CARRIERS, INC. had the right to control the activities of HARRY JOHN BACCAIRE.

### NEGLIGENT ENTRUSTMENT

17. Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates the

same where relevant.

18. At the time and on the occasion in question, and immediately prior thereto, Defendant AMERI-CO CARRIERS, INC. was guilty of negligent entrustment and knew or should have known that Defendant HARRY JOHN BACCAIRE was a negligent and reckless driver.

### NEGLIGENT UNDERTAKING

19. Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates the same where relevant.

20. Defendants or their agents undertook, either gratuitously or for their own benefit, obligations to hire, train, supervise, direct, instruct, and/or control the performance of workers and/or the operation of equipment or vehicles. Defendants knew or should have known that such hiring, training, supervision, direction, instruction, control, and/or operation was necessary for Plaintiff's protection. Defendants failed to exercise reasonable care in performing those obligations. Plaintiff relied on Defendants' performance, and Defendants' performance increased Plaintiff's risk of harm.

### DAMAGES TO JOHN WELLS

21. Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates the same where relevant.

22. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, JOHN WELLS was caused to suffer and to endure anxiety, pain, and illness. Consequently, JOHN WELLS is entitled to the following items of damages:

   A. Reasonable and necessary medical care and expenses in the past;

Case 2:18-cv-00139-RSP   Document 1   Filed 04/09/18   Page 6 of 7 PageID #: 6

B. Reasonable and necessary medical care and expenses which, in reasonable probability, will be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering which, in reasonable probability, will be incurred in the future;

E. Mental anguish in the past;

F. Mental anguish which, in reasonable probability, will be incurred in the future;

G. Physical impairment in the past;

H. Physical impairment which, in reasonable probability, will be suffered in the future;

I. Physical disfigurement in the past;

J. Physical disfigurement which, in reasonable probability, will be suffered in the future;

K. Loss of earning capacity in the past; and

L. Loss of earning capacity which, in reasonable probability, will be incurred in the future.

## GROSS NEGLIGENCE

23. Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates the same where relevant.

24. Defendants committed willful acts or omissions of gross negligence that were a proximate cause of the injuries to Plaintiff and the damages of Plaintiff, and for which Plaintiff is entitled to recover punitive damages.

## JURY DEMAND

25. Plaintiff requests a trial by jury.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein and that, upon final trial, Plaintiff recover the following:

A. Actual damages;

B. Post-judgment interest as allowed by Federal law;

C. Court costs, fees and other expenses; and

D. Other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

**GOUDARZI & YOUNG, L.L.P.**
P.O. Drawer 910
Gilmer, Texas 75644
Telephone: (903) 843-2544
Facsimile: (903) 843-2026
goudarziyoung@goudarzi-young.com

By: _____
Brent Goudarzi
Texas Bar No. 00798218
Marty Young
Texas Bar No. 24010502

ATTORNEYS FOR PLAINTIFF